**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION**

| | | |
|---|---|---|
| STACY J. COLEMAN, Plaintiff, | ) | |
| v. | ) | Case No. 13-4155-CV-DPR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, Defendant. | ) | |

# MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Stacy J. Coleman in a decision dated April 26, 2012 (Tr. 15-27). The Appeals Counsel, after considering additional evidence, denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

## LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts

from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff argues that the ALJ's denial of benefits was not based upon substantial evidence on the record as a whole. Plaintiff argues specifically that the ALJ did not properly consider whether the claimant met the requirements for listing 12.05C and improperly formulated the claimant's Residual Functional Capacity (RFC) (Doc. 10). The Court has thoroughly reviewed the claimant's medical records, the opinion evidence, hearing testimony, and the ALJ's opinion, and finds that the ALJ's determinations are based upon substantial evidence on the record as a whole.

The record does not support a finding that the claimant meets the criteria for listing 12.05C for mental retardation. To meet that listing, a claimant must show 1) a valid verbal, performance, or full scale IQ of 60 through 70; 2) onset of the impairment prior to age 22; and 3)

another impairment, physical or mental, that imposes additional and significant work-related limitations of function. *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006). The claimant bears the burden of establishing the existence of a severe impairment. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).

The only reference in the record to an IQ score appears in the notes of the agency-appointed consulting psychologist. The record does not contain reports of IQ testing from any of the claimant's treating physicians or psychologists, nor does the record contain diagnoses of, or even reference to, diminished intellectual capacity by any treatment provider. The Court notes that the claimant did list "learning disability" as an impairment in her application for benefits, and she reported that she took special education classes in school. The record also shows, on the contrary, that she earned her GED and completed one year of college. Without more, the mere reference to a low IQ score is insufficient to demonstrate the claimant meets listing 12.05C. Even if the record contained verifiable IQ scores, the claimant would still fail to meet the listing because the record lacks evidence that the impairment existed prior to age 22, and the existence of another impairment that would impose additional and significant work-related limitations, as required in the listing.

Regarding the claimant's challenge to the ALJ's RFC determination, the Court finds no error. The ALJ discussed in detail the claimant's severe mental impairments, the psychiatric and psychological treatment she received, the objective medical findings, and her subjective complaints regarding the severity of her impairments. The description of the RFC itself accounts for the claimant's severe impairments, and reflects a review of all the relevant evidence, including the opinions expressed by evaluating and treating practitioners. *See* Social Security Ruling 96-8p. Furthermore, the ALJ conducted a proper credibility analysis and found many of

the claimant's subjective complaints not credible. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED: August 5, 2014**

/s/ ***David P. Rush***
**DAVID P. RUSH**
**United States Magistrate Judge**